UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DONALD WILBURN,

        Petitioner,

v.                                Case No. 09-11022

GARY CAPELLO,

        Respondent.

                                                 /

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Donald Wilburn has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held as a prisoner by the State of Michigan in violation of his constitutional rights. Petitioner pleaded no contest to armed robbery in the Wayne County Circuit Court and was sentenced to 81 months (six years nine months) to 20 years imprisonment in 2006. In his petition, he raises claims concerning the voluntariness of his plea and the award of jail credit. Respondent has filed an answer to the petition contending that it should be denied. For the reasons set forth, the court will deny the petition for lack of merit.

## I. BACKGROUND

Petitioner's conviction arises from an armed robbery that occurred at the Star Theater in Taylor, Michigan, on October 21, 2005. Petitioner and at least one other person robbed two individuals and took money from an ATM at the theater.

Petitioner was initially arrested on October 27, 2005 by police investigating a report of breaking and entering at the Star Theater in Holland Township, Michigan, in Ottawa County.  He was charged with breaking and entering, carrying a concealed weapon, felony firearm, and felon in possession of a firearm and held in the Ottawa County Jail.  On April 5, 2006, Petitioner, through counsel, filed motions to dismiss the charges, alleging that his arrest was illegal and that there were insufficient grounds for the weapons charges.  On July 10, 2006, the trial court dismissed the case without prejudice.

On April 18, 2006, while the Ottawa County case was pending, an arrest warrant issued in Wayne County, charging Petitioner with three counts of armed robbery for the incident at the Star Theater in Taylor.  He was arraigned on those charges on May 15, 2006.  On August 14, 2006, Petitioner pleaded no contest in the Wayne County Circuit Court to one count of armed robbery in exchange for the dismissal of the two additional armed robbery counts and an agreement that he would not be prosecuted in Ottawa County.

On September 7, 2006, the day set for sentencing, Petitioner moved to withdraw his plea and asserted that he was threatened with life imprisonment in the Ottawa County case, that his girlfriend was threatened with aiding and abetting charges, and that retained counsel in the instant case had met with him for only five minutes.  The trial court denied the motion.  The trial court then proceeded to sentence Petitioner to 81 months to 20 years imprisonment with credit for 49 days, a sentence at the low end of the guidelines, in accordance with his plea agreement.

On March 7, 2007, Petitioner, through counsel, moved to withdraw his plea with the state trial court asserting that his plea was not knowing and voluntary because trial counsel failed to file a motion to suppress evidence. Petitioner also requested additional jail credit. The trial court denied the motion to withdraw the plea, but increased the amount of Petitioner's jail credit to 120 days to account for the time he spent in custody after the arrest warrant was issued on the Wayne County charges. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "for lack of merit in the grounds presented." *People v. Wilburn*, No. 280546 (Mich. Ct. App. Oct. 12, 2007) (unpublished). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Wilburn*, 744 N.W.2d 144 (Mich. 2008).

Petitioner filed his initial federal habeas petition on March 19, 2009, and an amended petition on September 14, 2009. He raises the following claims:

I.  His plea was not knowingly, intelligently, or voluntarily made as a result of his trial counsel's ineffective assistance.

II. His due process rights were violated where the trial court failed to award jail credit for time spent in the Ottawa County Jail from October 27, 2005.

Respondent has filed an answer to the amended petition contending that it should be denied for lack of merit.

## II.  STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed

3

this petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must

have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n.7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* ( citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Thus, to obtain federal habeas relief, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419

5

(2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption only with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### III.  DISCUSSION

#### A.  Involuntary Plea Claim

6

Petitioner first asserts that he is entitled to habeas relief because his plea was not knowingly, intelligently, and voluntarily made due to the ineffective assistance of trial counsel. Respondent contends that this claim lacks merit.

When a petitioner is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. *See United States v. Broce*, 488 U.S. 563, 570 (1989); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. *See Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id.* at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748.

In this case, the state trial court denied Petitioner relief on this claim finding that his plea was knowing, intelligent, and voluntary, and the state appellate courts denied leave to appeal in standard orders. The state court decisions are neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts.

The state court record reveals that Petitioner's plea was knowing, intelligent, and voluntary. Petitioner was 36 years old at the time of his plea, had some college education, and had prior experience with the criminal justice system. There is no evidence that he suffered from any physical or mental problems which would have

7

impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading no contest. The court discussed the terms of the plea and its consequences. Petitioner indicated he was pleading no contest of his own free will and that he had not been coerced or threatened. He also denied that any promises, other than those contained in the plea agreement, had been made to him to induce his plea.

Petitioner's assertion that prosecutors threatened him with life in Ottawa County and threatened to bring charges against his girlfriend, as well as his claim that defense counsel pressured him into taking a plea, conflicts with his own sworn testimony at the plea hearing, where he denied being threatened or coerced and said that he was pleading no contest of his own free will. There is no evidence that the authorities or defense counsel coerced Petitioner or used strong-arm tactics to get him to accept the plea agreement. As aptly stated by the United States Court of Appeals for the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

8

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Having carefully reviewed the record, the court is satisfied Petitioner's plea was knowing, intelligent, and voluntary.

Petitioner asserts that defense counsel was ineffective because counsel met with him in person only briefly, failed to seek suppression of evidence arising from his alleged illegal arrest in Ottawa County, and mis-advised him about witness identifications and their availability on the day of trial.

As an initial matter, the court notes that Petitioner's claims concerning counsel's conduct during the pre-plea period are foreclosed by his no contest plea. It is well-established that claims about the deprivation of constitutional rights that occur before the entry of a plea are waived by that plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. A no contest plea invokes the same waiver principles as a guilty plea. *See Post v. Bradshaw*, 621 F.3d 406, 426-27 (6th Cir. 2010); *United States v. Freed*, 688 F.2d 24, 25 (6th Cir. 1982); *accord Gomez v. Berge*, 434 F.3d 940, 942 (7th Cir. 2006). Simply stated, a defendant who pleads guilty or no contest generally waives any non-jurisdictional claims that arose before his plea. In such a case, the court's inquiry

9

is limited to whether the plea was knowing, intelligent, and voluntary. *See Broce*, 488 U.S. at 569. Petitioner pleaded no contest to armed robbery. Absent a showing that his plea was not knowing, intelligent, or voluntary, his claims concerning counsel's conduct during the pre-plea period are foreclosed by his plea.

Petitioner has also not shown that defense counsel was ineffective in advising him about his case or his plea. The United States Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he was denied his Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, if the petitioner satisfies the first prong of this test, the petitioner must then demonstrate that counsel's performance resulted in prejudice, *i.e.*, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded . . . and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[in] many . . . plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Id.* The Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without

regard for the 'idiosyncracies of the particular decisionmaker.'" *Id.* at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 788. Additionally, the Supreme Court has emphasized the extraordinary deference to be afforded trial counsel in the area of plea bargaining. *See Premo v. Moore*, 131 S. Ct. 733, 741 (2011) (stating "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); *see also Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011).

In this case, the record indicates that defense counsel advised Petitioner to plead no contest based upon the evidence likely to be used against him at trial and based upon the lack of a good defense to the charges. There is no evidence in the record, other than Petitioner's own assertions, that counsel provided erroneous information about witness identifications or their availability on the day of trial. Nor has Petitioner shown that he would have prevailed on any motion to suppress evidence or that such a motion would have resulted in dismissal of the Wayne County charges. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See*

11

*Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify federal habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis to hold an evidentiary hearing in habeas proceedings).  Additionally, the record reveals that defense counsel was also able to negotiate a reduction in the charges in Wayne County and an agreement that Petitioner would not be re-charged in Ottawa County.  That bargain also reduced Petitioner's sentencing exposure.  Defense counsel's conduct was reasonable.  Petitioner has failed to establish that counsel was ineffective under the *Strickland* standard.  Habeas relief is not warranted.

### B.  Jail Credit Claim

Petitioner also asserts that he is entitled to habeas relief because the state trial court violated his due process rights by failing to award him sufficient jail credit for the time he spent in custody in Ottawa County until the warrant for his arrest was issued in Wayne County, between October 25, 2005, and April 18, 2006.  Respondent contends that this claim is not cognizable and lacks merit.

A state prisoner generally has no federal constitutional right to receive jail or sentencing credit.  *See, e.g., Hansard v. Barrett*, 980 F.2d 1059, 1062 (6th Cir. 1992); *Tatum v. McQuiggin*, No. 5:10-CV-11383, 2011 WL 576751, *7 (E.D. Mich. Feb. 9, 2011); *Moore v. Hofbauer*, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001).  Michigan law does not create such a liberty interest protected by the Due Process Clause.  *See Thompkins v. Ludwig*, Case No. 0814809, 2011 WL 1598573, *5-6 (E. D. Mich. Apr. 28,

2011) (citing Michigan law and denying relief on similar claim). Thus, a state court's alleged misinterpretation of state crediting statutes, such as a guidelines scoring claim, is a matter of state concern only. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *Grays v. Lafler*, 618 F. Supp. 2d 736, 747 (W.D. Mich. 2008) (denying habeas relief on similar claim that failure to award sentencing credit violated constitutional principles).

It is well-established that state courts are the final arbiters of state law and the federal courts will not intervene in such matters. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987); *see also Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002). Habeas relief does not lie for perceived errors of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see also Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008) ("We must accept as valid a state court's interpretation of the statutes and rules of practice of that state."). Petitioner has failed to establish a violation of his federal due process rights.

Petitioner is also not entitled to habeas relief on any claim of pre-arrest delay. The Due Process Clause of the United States Constitution prohibits unjustified pre-indictment or pre-arrest delay. *See United States v. Lovasco*, 431 U.S. 783, 789 (1977); *United States v. Marion*, 404 U.S. 307, 324-26 (1971). To prevail on such a claim, however, a defendant must show substantial prejudice to his defense and an intent by the prosecution to gain a tactical advantage. *See Lovasco*, 431 U.S. at 790; *Marion*, 404 U.S. at 324; *see also Smith v. Caruso*, 53 F. App'x 335, 336 (6th Cir. 2002). Petitioner has made no such showing. He has thus failed to establish a violation of his

federal due process rights. The state courts' denial of additional sentencing credit is neither contrary to Supreme Court precedent nor an unreasonable application thereof. Habeas relief is not warranted.

### C. Certificate of Appealability

Before Petitioner may appeal this decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits of the claim. Id. at 336-37. Having considered the matter, the court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his habeas claims.

The standard for granting an application for leave to proceed *in forma pauperis* is a lower standard than the standard for certificates of appealability. See Foster v. Ludwick, 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant leave to proceed *in forma pauperis* if it finds

that an appeal is being taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster*, 208 F. Supp. 2d at 764-65. "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster*, 208 F. Supp. 2d at 765. Although this is a decidedly lower standard, the court will nonetheless deny leave to proceed *in forma pauperis* on appeal because appeal would be frivolous for the reasons stated above.

## IV. CONCLUSION

IT IS ORDERED that Petitioner Donald Wilburn's petition for writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED.

This court DECLINES to issue a certificate of appealability.

        s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 29, 2011, by electronic and/or ordinary mail.

        s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522